IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD HEARY, | ) |
| Plaintiff, | ) Civil Action No. 16-131 |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| LOUIS S. FOLINO, CORRECT CARE SOLUTIONS, NEDRA GREGO, MS. VIHLIDAL, and DOCTOR JIN, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Richard Heary ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), and is currently incarcerated at the State Correctional Institution ("SCI") at Green. Plaintiff brings this civil rights action against Defendants alleging that Defendants have been deliberately indifferent to his medical needs in violation of his rights provided by the Eighth Amendment to the United States Constitution.

Presently before the Court is Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction, ECF No. 31, wherein Plaintiff contends that Defendants have failed to provide him with physical therapy or adequate pain medication following an in-house surgery that was performed on Plaintiff's hand sometime in August or September of 2013. Plaintiff seeks an order from this Court requiring Defendants to provide to him "the necessary physical therapy" and "arrange for an examination and a plan of treatment by a qualified specialist." ECF No. 32-1 ¶¶ 12-13.

In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the

merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010), *quoting* Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010). Plaintiff bears the burden of showing irreparable harm which is more than merely serious or substantial harm. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989); ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). Irreparable harm is established by showing that the movant will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989) ("[t]he preliminary injunction must be the only way of protecting the plaintiff from harm").

Indeed, preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (3d Cir. 1993). This is particularly true in the correctional context. Goff v. Harper, 60 F.3d 518, 520 (3d Cir. 1995) (a request for any form of mandatory prospective relief "must always be viewed with great caution because judicial restraint is specially called for in dealing with the complex and intractable problems of prison administration"). See 18 U.S.C. § 3626(a)(1)(A) ("[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary than to correct the violation of the federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief"). Moreover, where the requested

preliminary injunction "is directed not merely at preserving the status quo but . . . at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980).  See Trinity Industries, Inc. v. Chicago Bridge Iron Co., 735 F.3d 131, 139 (3d Cir. 2013).

Here, it does not appear that there is a reasonable probability that Plaintiff will succeed on the merits of his underlying Eighth Amendment claim as it is fairly evident from the Complaint that Plaintiff is receiving medical treatment for his hand.  Not only did Dr. Jin perform surgery but Plaintiff had follow-up consultations thereafter and was provided pain medication.  Not only are the DOC Defendants entitled to rely on the judgement and opinions of Dr. Jin but it is well established that disagreements over medical judgment do not state an Eighth Amendment claim.  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  See Jetter v. Beard, 130 F. App'x 523, 526 (3d Cir. 2005) (noting that while plaintiff would have preferred a different course of treatment, his preference does not establish an Eighth Amendment cause of action); Pilkey v. Lappin, 2006 WL 1797756, at *2 (D.N.J. June 26, 2006) ("refusal to consider inmate's self-diagnoses," or "to perform tests or procedures that the inmate desires" does not amount to cruel and unusual punishment).

Further, none of the Defendants are in a position to provide Plaintiff with the relief he seeks.  Neither Dr. Jin nor any of the DOC Defendants currently work at SCI Greene where Plaintiff's surgery was performed and where Plaintiff is still incarcerated.  Moreover, Correct Care Solutions merely employs the physicians that work at the various prisons in Pennsylvania and cannot make medical determinations or order the treatment that Plaintiff seeks.

With respect to the second consideration, Plaintiff has failed to demonstrate how he would be irreparably harmed if injunctive relief is not granted.  As Defendants have argued,

3

Plaintiff's hand was operated on in August or September of 2013 -- three years ago. There is no reason to believe, and Plaintiff has not provided one, that denying Plaintiff outside physical therapy or examination by an outside specialist at this point in time will result in irreparable harm.

Finally, while it does not appear that granting relief will result in greater harm to the non-moving parties, it does not appear that the public interest will be served by granting Plaintiff the relief he seeks. Although Plaintiff contends that the public's interest will be served as it is always in the public interest for prison officials to obey the law, the Court has already found that there is little likelihood that Plaintiff can succeed on the merits of his Eighth Amendment claim.

Accordingly, the following Order is entered:

AND NOW, this 19th day of September, 2016, upon consideration of Plaintiff's Motion for Temporary Restraining Order and a Preliminary Injunction, and Defendants' Responses thereto, IT IS HEREBY ORDERED that Plaintiff's Motion, ECF No. 31, is DENIED.

                                                        BY THE COURT:

                                                        <u>/s/ Maureen P. Kelly</u>
                                                        MAUREEN P. KELLY
                                                        CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    Richard Heary
       EE1131
       SCI Greene
       175 Progress Dr.
       Waynesburg, PA 15370

       All counsel of record via CM/ECF