IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD HEARY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 16-131 |
| ) | Chief Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | |
| LOUIS S. FOLINO, CORRECT CARE ) | |
| SOLUTIONS, NEDRA GREGO, MS. ) | |
| VIHLIDAL, and DOCTOR JIN, ) | Re: ECF Nos. 15 and 28 |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Plaintiff Richard Heary ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), and is currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene"). Plaintiff brings this civil rights action against Defendants Louis S. Folino ("Folino"), the Superintendent at SCI-Greene, Nedra Grego ("Grego"), Registered Nurse Supervisor, Ms. Vihlidal ("Vihlidal"), Correctional Health Care Administrator, (collectively, "the DOC Defendants"), as well as Correction Care Solutions ("CCS") and Dr. Jin (collectively, "the Medical Defendants"), alleging that Defendants have been deliberately indifferent to his medical needs in violation of his rights provided by the Eighth Amendment to the United States Constitution.

Presently before the Court is a Motion to Dismiss submitted on behalf of the DOC Defendants, ECF No. 15, and a Motion to Dismiss submitted on behalf of the Medical Defendants. ECF No. 28. For the reasons that follow, the DOC's Motion will be granted, and the Medical Defendants' Motion will also be granted.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

It appears that Plaintiff sought medical treatment at SCI-Greene for agonizing pain in his left hand sometime in the middle of 2012.[1]  ECF No. 29-1 at 2.  Plaintiff alleges in the Complaint that on or about October 21, 2013, he suffered severe pain as a result of in-house surgery that Defendant Dr. Jin performed on Plaintiff's hand in August of 2013.[2]  ECF No. 8 ¶¶ 13-14.  Following the surgery, Plaintiff complained to Dr. Jin about the pain and that he was unable to move "his pinky finger and left hand."  Id. ¶ 15.  Dr. Jin apparently told Plaintiff that this was to be expected as Dr. Jin had removed a piece of the muscle and surrounding tissue from Plaintiff's left hand and prescribed medication for pain.  Id. ¶¶ 16-17.  Plaintiff alleges that he subsequently complained on a number of occasions that the prescribed medication was not relieving his pain but received no response from the medical department.  Id. ¶¶ 17-19.  In particular, Plaintiff alleges that on October 16, 2013, Defendant Grego denied Plaintiff's request for "help" stating that Dr. Jin is the Medical Director and needed to assess Plaintiff and order a consult if he feels that it is necessary.  Id. ¶ 20.

Plaintiff also alleges that he sent a "request" to Defendant Folino and filed a grievance on October 24, 2013, concerning the problems he was having with Dr. Jin.  Id. ¶ 21.  Folino apparently responded to Plaintiff's request on November 13, 2013, stating that he found Plaintiff's complaints to be "without merit that Dr. Jin did not order an outside consultation."  Id. ¶ 22.  Plaintiff contends, however, that "[o]n information and belief, the physical therapist put in

---

[1] According to the Medical Defendants, Plaintiff's medical records show that he suffered from Dupuytren's contracture, which is a thickening of the skin over the palm that can affect the mobility of the fingers.  ECF No. 29 at 2 n.1.

[2] Although not set forth in the Complaint, the Medical Defendants have represented, and Plaintiff does not dispute, that the surgery was performed on or about August 20, 2013.  ECF No. 29 at 6.  The Medical Defendants have also represented, by way of information only, that Dr. Jin was a board-certified general surgeon for more than thirty years prior to working at SCI-Greene and that the surgery that Dr. Jim performed on Plaintiff's hand involved a simple excision and release of the fibrous tissue that was causing the constricture.  ECF No. 29 at 2 n.1.

for and recommended an operation for reconstructive surgery to be performed outside the prison to repair pinky finger and left hand." Id. ¶ 23.

Plaintiff further alleges that he is being forced to endure the pain resulting from the damage that was done to his pinky finger and left hand and that he is unable to open and close his hand. Plaintiff consequently filed a grievance on November 13, 2013, concerning the alleged lack of adequate medical care, which was denied as were Plaintiff's subsequent appeals. Id. ¶¶ 25-27, 31.

In addition, Plaintiff alleges that Defendant Vihlidal denied Plaintiff's repeated complaints regarding his medical care and his concerns relative to his pinky finger and left hand which Plaintiff claims is permanently damaged from the in-house surgery that Dr. Jin performed. Id. ¶ 29. Specifically, Plaintiff complains that he has no feeling in his pinky finger and left hand; has restricted finger and hand motion; is unable to open and close his hand; is in constant pain; suffers from restless nights' sleep; and that he is unable write, exercise or do anything he normally did with his left hand before the surgery. Id. ¶¶ 30, 32-33.

Plaintiff submitted the instant Complaint on February 2, 2016, which was filed by the Clerk of Court on April 5, 2016. ECF Nos. 1, 8. The DOC Defendants filed a Motion to Dismiss and an accompanying brief on May 16, 2016, ECF Nos. 15, 16, to which Plaintiff filed a Response and Brief in Opposition on June 7, 2016. ECF Nos. 24, 25. The Medical Defendants filed a Motion to Dismiss and an accompanying brief on July 29, 2016, ECF Nos. 28, 29, to which Plaintiff filed an Affidavit/Declaration in Opposition on August 22, 2016. ECF No. 33. As such, both Motions are ripe for review.

## II. STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.  Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).  The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint.  See California Pub. Empl. Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the Court accept legal conclusions set forth as factual allegations.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986).  Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

## III. DISCUSSION

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. Cty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006), *citing* Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979) (footnote omitted). Thus, in order to state a claim for relief under Section 1983, the plaintiff must allege facts from which it could be inferred that "the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Id. at 423. As previously discussed, Plaintiff alleged that Defendants violated his rights provided by the Eighth Amendment to the Constitution.

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide basic medical treatment to those whom it has incarcerated and that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). Thus, in order to establish an Eighth Amendment violation, a plaintiff must demonstrate: (1) a serious medical need; and (2) that the defendants were deliberately indifferent to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004).

In order to establish deliberate indifference, a "plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious,' or that the result of defendant's denial was sufficiently serious. Additionally, a plaintiff must make a 'subjective' showing that defendant acted with a 'sufficiently culpable state of mind.'" Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002), *citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Wilson v. Burks, 423 F. App'x 169, 173 (3d Cir. 2011), *quoting* Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Moreover, it is well established that an inmate is not entitled to a particular course of treatment or to have particular tests performed. Jetter v. Beard, 130 F. App'x 523, 526 (3d Cir. 2005) (noting that while plaintiff would have preferred a different course of treatment, his preference does not establish an Eighth Amendment cause of action); Pilkey v. Lappin, No. 05-5314, 2006 WL 1797756, at *2 (D.N.J. June 26, 2006) ("refusal to consider inmate's self-diagnoses," or "to perform tests or procedures that the inmate desires" does not amount to cruel and unusual punishment). Rather, "the question of whether certain diagnostic technique or form of treatment should be prescribed, 'is a classic example of a matter for medical judgment,'" and does not give rise to an Eighth Amendment violation. McNeil v. Redman, 21 F. Supp. 2d 884, 887 (C.D. Ill. 1998), *quoting* Estelle v. Gamble, 429 U.S. at 107. See Spruill v. Gillis, 372 F.3d at 235 (neither claims of medical malpractice nor disagreements regarding the proper medical treatment are actionable); Maqbool v. Univ. Hosp. of Med. & Dentistry of N.J., No. 11-4592, 2012 WL 2374689, at *9 (D.N.J. June 13, 2012) (the refusal to perform tests or procedures that the inmate desires, or to explain to the inmate the reason for medical action or inaction, however, does not amount to cruel and unusual punishment).

Furthermore, the United States Court of Appeals for the Third Circuit has held that, under the deliberate indifference standard, prison medical authorities have "considerable latitude" in exercising this judgment in the diagnosis and treatment of inmate patients and that Court's should "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment which remains a question of sound professional judgment." Carter v. Smith, 483 F. App'x 705, 707 (3d Cir. 2012), *quoting* Inmates of Allegheny Cty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (citation omitted).

Similarly, prison officials who are not physicians cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993). See Spruill v. Gillis, 372 F.3d at 236 ("[a]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official [ ] will not be chargeable with the Eighth Amendment *scienter* requirement of deliberate indifference"). Moreover, "[i]n order to charge a non-medical prison official with the Eighth Amendment *scienter* requirement of deliberate indifference, a plaintiff 'bears the burden of proving . . . facts supporting the defendants' mental state.'" Huskins v. Beard, No. 02-6267, 2004 WL 2223307, at *6 (E.D. Pa. Oct. 1, 2004), *citing* Spruill, 372 F.3d at 236. See Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001). See also Fillebrown v. Zettlemoyer, No. 95-4394, 1996 WL 460051, at *3 (E.D. Pa. Aug. 9, 1996), *citing* Durmer v. O'Carroll, 991 F.2d at 68 ("[p]rison administrators and the nursing staff of the prison infirmary cannot be found deliberately indifferent for failing to defer to an inmate's judgment about appropriate diagnostic care when it contradicts the recommendations of the treating physician").

Finally, it is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007). Thus, liability of an individual government defendant cannot be predicated on the unconstitutional conduct of his or her subordinate under a theory of *respondeat superior*. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005), *quoting* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). See Baraka v. McGreevey, 481 F.3d at 210 (a supervisor can only be held liable if his or her own actions resulted in the constitutional injury). Nor may liability be based on participation in the grievance process as reviewing a subsequently filed grievance is not sufficient to show the actual knowledge necessary for a defendant to be found personally involved in the alleged underlying unlawful conduct. Rode v. Dellarciprete, 845 F.2d at 1207. See Ramos v. Pa. Dep't of Corr., No. 06-1444, 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) ("review and denial of the grievances and subsequent administrative appeal conducted does not establish personal involvement by those Defendants in the alleged underlying unconstitutional conduct"); Jefferson v. Wolfe, No. 04-44 E, 2006 WL 1947721, at *17 (W.D. Pa. July 11, 2006) (finding that allegations that the defendants denied the plaintiff's appeal of his grievance was insufficient to establish the defendant's personal involvement in the challenged conduct); Watkins v. Horn, No. 96-4129, 1997 WL 566080, at *4 (E.D. Pa. Sept. 5, 1997) (concurrence in an administrative appeal process is not sufficient to establish personal involvement).

### A.     The DOC Defendants' Motion to Dismiss

The DOC Defendants argue that the claims brought against them should be dismissed because the allegations in the Complaint do not support a claim of deliberate indifference.

Specifically, the DOC Defendants argue that because Plaintiff received medical treatment in the form of surgery, post-op follow up consultations and medication for pain, the nature of Plaintiff's complaint is simply that he desires a different course of treatment.

This notwithstanding, it is clear from the Complaint that none of the DOC Defendants had the requisite personal involvement in the alleged underlying unconstitutional conduct. The only allegation in the Complaint against Defendant Folino is that Plaintiff sent Folino a "request" concerning the problems he was having with Dr. Jin on October 24, 2013, and that Folino denied his request as being without merit on November 13, 2013. ECF No. 8 ¶¶ 21, 22. Plaintiff clearly seeks to hold Folino liable based solely on the fact that he holds a supervisory position and/or that he subsequently reviewed Plaintiff's request. Neither assertion provides the basis for finding that Folino was personally involved in any perceived violation of Plaintiff's Eighth Amendment rights and Plaintiff's claim brought against Folino will be dismissed.

Similarly, Plaintiffs allegations in the Complaint relative to Defendants Grego and Vihlidal are simply that Grego denied a request for help and that Vihlidal denied Plaintiff's complaints about Dr. Jin. Id. ¶¶ 20, 28-29. The documents submitted by the Medical Defendants in conjunction with their Motion to Dismiss, however, shows that Grego merely denied the grievance Plaintiff filed following his surgery and thus had no personal involvement in the underlying challenged conduct. ECF No. 29-1 at 3.[3] Moreover, although Grego denied Plaintiff's grievance, she also placed Plaintiff "on Dr. Jin's line for further evaluation and consideration for a consultation," stating that Dr. Jin is the Medical Director and needs to assess

---

[3] It is well established that in deciding a motion to dismiss, "[i]n addition to the allegations contained in the pleadings, the Court may also review "matters of public record, exhibits attached to the complaint and items appearing in the record of the case," as well as "undisputably authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Ickes v. Flanagan, No. 07-143 J, 2008 WL 859183, at *1 (W.D. Pa. Mar. 31, 2008), quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994), and Steinhardt Group Inc. v. Citicorp, 126 F.3d 144, 145 (3d Cir. 1997).

9

you and order an outside consult if he feels that it is necessary." Id. To the extent Plaintiff seeks to hold Vihlidal responsible as the Corrections Health Care Administrator, it is clear that her supervisory role is insufficient to establish personal involvement in the alleged underlying constitutional violation. Nor can Vihlidal be found responsible for an Eighth Amendment violation simply because she failed to respond as Plaintiff would have liked to his complaints about Dr. Jin. As such, Plaintiff's Eighth Amendment claims of deliberate indifference brought against Grego and Vihlidal are properly dismissed as well and the DOC's Motion to Dismiss will be granted.

### B. The Medical Defendants' Motion to Dismiss

Defendants contend that Plaintiff's claim against Dr. Jin should be dismissed because Plaintiff has failed to allege facts from which it could be inferred that Dr. Jin was deliberately indifferent to Plaintiff's medical needs.[4]

As previously discussed, Plaintiff's claim of deliberate indifference against Dr. Jin is based on the adequacy of the care Dr. Jin provided following Plaintiff's surgery. In particular, Plaintiff complains that Dr. Jin failed to adequately address the pain that Plaintiff was allegedly suffering from and failed to refer Plaintiff to an outside specialist.

---

[4] Although the Medical Defendants initially argue that Plaintiff's claims are barred by the statute of limitations, the two year limitations period applicable to Section 1983 actions may be tolled while the prisoner exhausts administrative remedies. Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005). See Paluch v. Sec'y Pa. Dep't Corr., No. 10-1645, 2011 WL 3652418, at *3 (3d Cir. Aug. 19, 2011); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001). Thus, Plaintiff was required to file a complaint within two years of the date he knew or had reason to know of his alleged injuries plus the time it took to exhaust administrative remedies. See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998) ("Under federal law 'the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action'"). According to the Complaint, Plaintiff had reason to know of the injury upon which this action is based at the latest on September 24, 2013, when he filed his grievance complaining that he was being denied the medical care that he is entitled to by law. ECF No. 29-1 at 2. Plaintiff's grievance, however, was not denied at the final level of review until March 6, 2014, which was 163 days later. Id. at 10. Plaintiff therefore was required to file his Complaint by September 24, 2015, plus the 163 it took to exhaust his administrative remedies -- *i.e.* by March 5, 2016. Plaintiff submitted his Complaint to the Court on February 2, 2016, which was well within the applicable time frame.

The allegations in the Complaint show that Plaintiff was seen by the medical department complaining of agonizing pain in his left hand a year before Dr. Jin performed the surgery on Plaintiff's hand in August of 2013. ECF No. 29-1 at 2. On September 17, 2013, four weeks after the surgery, Dr. Jin saw Plaintiff for a follow-up visit. Id. at 2. See ECF No. 29 at 11. It also appears that Plaintiff received physical therapy. ECF No. 8 ¶ 23. Plaintiff was evaluated by Dr. Jin again on October 21, 2013, after complaining of continued pain. ECF No. 29-1 at 3, 4, 7. Dr. Jin told Plaintiff that the pain and limited motion in his hand was to be expected following surgery and gave Plaintiff a prescription for Motrin. Dr. Jin also determined that there was no need for an outside consultation. Id. at 3, 4, 6, 7. See ECF No. 8 ¶ 16. That determination was subsequently reviewed by the Bureau of Health Care Services which also found that there was no medical need for a consultation with a specialist or any evidence of negligence or deliberate indifference. ECF No. 29-1 at 10.[5]

Although these facts clearly support a finding that Plaintiff suffered from a serious medical need, they do not support a finding that Dr. Jin was deliberately indifferent to that need. Indeed, the Complaint is devoid of any allegations suggesting that Dr. Jin was aware of facts from which it could be inferred that a substantial risk of harm existed or that Dr. Jin actually drew the inference. To the contrary, it appears from the Complaint that Dr. Jin performed surgery on Plaintiff's hand in an apparent effort to alleviate the pain that Plaintiff had been suffering from for the previous year; that he evaluated Plaintiff four weeks later and again approximately a month after that; and that he prescribed Motrin for the pain Plaintiff suffered from following surgery. The fact that Dr. Jin determined, in his professional judgment, that there was no need for an outside consultation with a specialist, which Plaintiff believes he needs, does

---

[5] Although the Medical Defendants represent that Dr. Jin saw Plaintiff again on November 18, 2013, neither the allegations in the Complaint nor the documents submitted by the Medical Defendants in conjunction with their Motion to Dismiss evidence that particular evaluation.

11

not establish an Eighth Amendment cause of action. As such, Plaintiff has failed to state a claim against Dr. Jin and the Complaint will be dismissed as to him.

The Medical Defendants also argue that Plaintiff's claims as to CCS should be dismissed because CCS was not the health care provider for the DOC during the events at issue and that it is nevertheless clear from the Complaint that Plaintiff seeks to hold CCS liable solely under a theory of *respondeat superior*. The Court agrees.

Notwithstanding that CCS's contract with the DOC did not begin until September 1, 2014 -- well after the events at issue in Plaintiff's Complaint -- review of the Compliant shows that Plaintiff's claim against CCS is based on its role as Dr. Jin's present employer. Indeed, CCS is only mentioned once in the Complaint under the list of parties to the action. More importantly, however, Plaintiff appears to concede the issue having stated in his Affidavit/Declaration in Opposition to the Medical Defendants' Motion that he named CCS as a defendant because that was the only employer of Dr. Jin that was available to him. Because vicarious liability cannot provide the basis for a Section 1983 claim, Plaintiff's claim against CCS is properly dismissed.[6]

## IV.  CONCLUSION

For the foregoing reasons, both the DOC's Motion to Dismiss and the Medical Defendants' Motion to Dismiss are properly granted. The United States Court of Appeals for the Third Circuit, however, has held that when dismissing a civil rights case for failure to state a claim, a court must give the plaintiff an opportunity to amend the complaint whether or not the plaintiff has asked to do so unless to allow an amended complaint would be inequitable or futile. See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007),

---

[6] Having found that the Eighth Amendment claims against the Medical Defendants are properly dismissed the Court need not, and has not, addressed the Medical Defendants' argument that Plaintiff's claim for monetary compensation should be dismissed for failure to exhaust administrative remedies.

*citing* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  Here, the Court finds that the DOC Defendants are insulated from Plaintiff's claims of deliberate indifference as they were well aware that Plaintiff was being treated by Dr. Jin and had no personal involvement in the underlying challenged conduct.  Further, Plaintiff's concession that he has named CCS as a Defendant merely because CCS presently employs Dr. Jin demonstrates the futility of allowing Plaintiff to procced against CSS.  Finally, it is apparent from the Complaint that Plaintiff's claim against Dr. Jin sounds in negligence and does not give rise to an Eighth Amendment violation.  Under these circumstances, although the Court finds that permitting Plaintiff to amend his Complaint would likely be futile, to the extent that Plaintiff can allege additional specific facts to make out an Eighth Amendment claim against Dr. Jin, he will be permitted to file an Amended Complaint only as to Dr. Jin.  Such facts must allege more than negligence.

Accordingly the following Order is entered:

**ORDER**

AND NOW, this 5th day of December, 2016, upon consideration of the Motion to Dismiss submitted on behalf of the DOC Defendants, ECF No. 15, the Motion to Dismiss submitted on behalf of the Medical Defendants, ECF No. 28, and Plaintiff's responses thereto, IT IS HEREBY ORDERED that the Motions are GRANTED.  IT IS FURTHER ORDERED that should Plaintiff choose to file an Amended Complaint with respect to his claim against Dr. Jin, he must do so on or before December 27, 2016.

BY THE COURT:

/s/ Maureen P. Kelly  
MAUREEN P. KELLY  
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Richard Heary
EE1131
SCI Greene
175 Progress Dr.
Waynesburg, PA 15370

All counsel of record via CM/ECF