IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD HEARY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-131 |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| LOUIS S. FOLINO, CORRECT CARE SOLUTIONS, NEDRA GREGO, MS. VIHLIDAL, and DOCTOR JIN, | ) ) ) | Re: ECF No. 40 |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

**KELLY, Chief Magistrate Judge**

Plaintiff Richard Heary ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), and is currently incarcerated at the State Correctional Institution at Greene ("SCI-Greene"). Plaintiff brings this civil rights action against Defendant Doctor Jin ("Dr. Jin" or "Defendant"), alleging that Dr. Jin failed to provide adequate medical care to Plaintiff and that Dr. Jin was deliberately indifferent to Plaintiff's medical needs in violation of his rights provided by the Eighth Amendment to the United States Constitution.

Presently before the Court is a Motion to Dismiss (the "Motion") submitted on behalf of Dr. Jin. ECF No. 40. For the reasons that follow, the Motion will be denied.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

It appears that Plaintiff sought medical treatment at SCI-Greene for agonizing pain in his left hand sometime in the middle of 2012.[1] ECF No. 29-1 at 2. According to the Amended Complaint, Dr. Jin subsequently performed surgery on Plaintiff's hand which involved the

---

[1] According to Dr. Jin, Plaintiff's medical records show that he suffered from Dupuytren's contracture, which is a thickening of the skin over the palm that can affect the mobility of the fingers. ECF No. 41 at 2 n.1.

simple excision and release of fibrous tissue that was causing a contracture.[2] ECF No. 39 ¶ 6. Plaintiff alleges that on or about August 2013, he suffered severe pain as a result of the in-house surgery.[3] Id. ¶ 5. Plaintiff was subsequently seen by Dr. Jin on September 17, 2013. At that time, Plaintiff complained to Dr. Jin about the pain and that he was unable to move "his pinky finger and close his hand, and that the pain was getting worse." Id. ¶ 7.

Plaintiff alleges in the Amended Complaint that Dr. Jin told him that there was "nothing else that could be done and told plaintiff that he needed outside medical treatment and he shouldn't have come to prison, that plaintiff wouldn't be going through what he was going through and all he can give him at this time was Ibuprofen ("Motrin")." Id. ¶ 8. Plaintiff asserts that he told Dr. Jin that he should be able to receive proper treatment for his hand, that the pain was excruciating and the Motrin was not working. Id. ¶ 9. Plaintiff alleges that "Doctor Jin, always gave his personal opinion to plaintiff and was very sarcastic to plaintiff stating: Why should plaintiff care about being able to use his hand, because he was doing life in prison and this is the only treatment he would receive." Id. ¶ 10. Plaintiff claims that he constantly complained to Dr. Jin about the pain and that Dr. Jin repeatedly ignored Plaintiff, telling him that nothing could be done and that Plaintiff just had to deal with the pain. Id. ¶ 11. Further, Plaintiff asserts that Dr. Jin was the only doctor that he could see and that because Dr. Jin was the Medical Director at SCI-Greene that there was nothing else Plaintiff could do. Id. ¶¶ 14, 16.

In response to the original Complaint, the DOC Defendants filed a Motion to Dismiss and an accompanying brief on May 16, 2016. ECF Nos. 15, 16. The Medical Defendants, including

---

[2] Although not set forth in the Amended Complaint, Dr. Jin has represented, and Plaintiff does not dispute, that the procedure was performed on or about August 20, 2013. ECF No. 29 at 6. Dr. Jin also represented, by way of information only, that he was a board-certified general surgeon for more than thirty years prior to working at SCI-Greene. ECF No. 41 at 2 n.1.

[3] The Court notes that in the original Complaint, Plaintiff complained of pain starting on October 21, 2013. ECF No. 8 ¶ 13. However, in the Amended Complaint, Plaintiff complains of pain starting in August 2013. ECF No. 39 ¶ 5.

Dr. Jin, filed a Motion to Dismiss and an accompanying brief on July 29, 2016. ECF Nos. 28, 29. Plaintiff filed an Affidavit/Declaration in Opposition on August 22, 2016, ECF No. 33, and on December 5, 2016, this Court issued an Opinion and Order granting the Motions to Dismiss. ECF No. 38. In the Opinion and Order, this Court found that it was apparent from the original Complaint that Plaintiff's claims against Dr. Jin sounded in negligence and did not give rise to an Eighth Amendment violation. Id. Under these circumstances, although the Court found that permitting Plaintiff to amend his Complaint would likely be futile, to the extent the Plaintiff could allege additional specific facts to make out an Eighth Amendment claim against Dr. Jin, Plaintiff was permitted to file an Amended Complaint only as to Dr. Jin. The Court expressly held that Plaintiff must allege more than negligence. Id. at 13.

On December 20, 2016, Plaintiff filed an Amended Complaint against Dr. Jin. ECF No. 39. Contrary to this Court's prior Order, Plaintiff has not confined his amendment to his Eighth Amendment claim but has alleged multiple other claims for "damages and injunctive relief under 42 U.S.C. § 1983, alleging negligence . . . . [and] the torts of negligence and malpractice. Id. at 1.

Dr. Jin filed a Motion to Dismiss and accompanying brief on January 7, 2017. ECF Nos. 40, 41. Plaintiff filed a "Motion is Opposition" and Memorandum of Law in Support. ECF Nos. 45, 46. As such, the second Motion to Dismiss of Dr. Jin is ripe for review.

## II. STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not

accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Pub. Empl. Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

## III. DISCUSSION

### A. Section 1983

As set forth in the "Introduction" of the Amended Complaint, Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983 ("Section 1983"). Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

4

42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. Cty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006), citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979) (footnote omitted). Thus, in order to state a claim for relief under Section 1983, the plaintiff must allege facts from which it could be inferred that "the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." Id. at 423. As previously discussed, Plaintiff alleged that Defendants violated his rights provided by the Eighth Amendment to the Constitution.

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide basic medical treatment to those whom it has incarcerated and that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). Thus, in order to establish an Eighth Amendment violation, a plaintiff must demonstrate: (1) a serious medical need; and (2) that the defendants were deliberately indifferent to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004).

In order to establish deliberate indifference, a "plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious,' or that the result of defendant's denial was sufficiently serious. Additionally, a plaintiff must make a 'subjective' showing that defendant acted with a 'sufficiently culpable state of mind.'" Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002), citing Wilson v. Seiter, 501 U.S. 294, 298 (1991). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious

harm exists, and he must also draw the inference." Wilson v. Burks, 423 F. App'x 169, 173 (3d Cir. 2011), *quoting* Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Moreover, it is well established that an inmate is not entitled to a particular course of treatment or to have particular tests performed. Jetter v. Beard, 130 F. App'x 523, 526 (3d Cir. 2005) (noting that while plaintiff would have preferred a different course of treatment, his preference does not establish an Eighth Amendment cause of action); Pilkey v. Lappin, No. 05-5314, 2006 WL 1797756, at *2 (D.N.J. June 26, 2006) ("refusal to consider inmate's self-diagnoses," or "to perform tests or procedures that the inmate desires" does not amount to cruel and unusual punishment). Rather, "the question of whether certain diagnostic technique or form of treatment should be prescribed, 'is a classic example of a matter for medical judgment,'" and does not give rise to an Eighth Amendment violation. McNeil v. Redman, 21 F. Supp. 2d 884, 887 (C.D. Ill. 1998), *quoting* Estelle v. Gamble, 429 U.S. at 107. See Spruill v. Gillis, 372 F.3d at 235 (neither claims of medical malpractice nor disagreements regarding the proper medical treatment are actionable); Maqbool v. Univ. Hosp. of Med. & Dentistry of N.J., No. 11-4592, 2012 WL 2374689, at *9 (D.N.J. June 13, 2012) (the refusal to perform tests or procedures that the inmate desires, or to explain to the inmate the reason for medical action or inaction, however, does not amount to cruel and unusual punishment).

Furthermore, the United States Court of Appeals for the Third Circuit has held that, under the deliberate indifference standard, prison medical authorities have "considerable latitude" in exercising this judgment in the diagnosis and treatment of inmate patients and that Court's should "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment which remains a question of sound professional judgment." Carter v. Smith, 483 F.

App'x 705, 707 (3d Cir. 2012), *quoting* <u>Inmates of Allegheny Cty. Jail v. Pierce</u>, 612 F.2d 754, 762 (3d Cir. 1979) (citation omitted).

### B. Dr. Jin's Motion to Dismiss

As previously discussed, Plaintiff's claim of deliberate indifference against Dr. Jin is based on the adequacy of the care Dr. Jin provided following Plaintiff's surgery. In particular, Plaintiff complains that Dr. Jin failed to adequately address the pain that Plaintiff was allegedly suffering from and failed to refer Plaintiff to an outside specialist or another doctor.

Dr. Jin contends that Plaintiff's claim against him should again be dismissed because Plaintiff has failed to allege any additional facts in the Amended Complaint from which it could be inferred that Dr. Jin was deliberately indifferent to Plaintiff's serious medical need so as to warrant reconsideration of this Court's prior finding that Plaintiff has failed to state an Eighth Amendment claim. In particular, Dr. Jin argues that because Plaintiff received medical treatment in the form of procedure/surgery, post-operative consultations and medication for pain, the nature of Plaintiff's complaint against Dr. Jin is that Plaintiff simply desires a different course of treatment.

Contrary to Dr. Jin's assertion, however, Plaintiff has alleged additional facts in the Amended Complaint to support his Eighth Amendment deliberate indifference claim. Specifically, Plaintiff alleges that Dr. Jin told Plaintiff that he needed outside medical treatment; that all he could give Plaintiff for the pain was Motrin; and, because Plaintiff was doing life in prison, that was the only treatment Plaintiff would receive. Based on the additional facts alleged, including but not limited to the averments in paragraphs 8 through 16 of the amended Complaint, the Court finds that these facts are sufficient to state a claim of deliberate indifference against Dr. Jin, particularly when coupled with Plaintiff's assertions that he suffered severe pain as a result

of the in-house surgery that Defendant Dr. Jin performed; that he subsequently complained to Dr. Jin about the pain on numerous occasions and that he was unable to move "his pinky finger and close his hand;" and that, despite repeated complaints of pain and that the Motrin was not working, Dr. Jin would only prescribe Motrin and would not send him to an outside doctor.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the Motion to Dismiss submitted by Dr. Jin is properly denied. The Court also finds that paragraph 26 of Plaintiff's Amended Complaint, wherein he raises claims of negligence and malpractice against Dr. Jin, is properly stricken. Plaintiff did not raise state law claims in the original Complaint and was granted leave to amend the Complaint only to allege additional facts to make out an Eighth Amendment claim against Dr. Jin. Because Plaintiff's state law claims for negligence and malpractice are new claims not contemplated by this Court's Order allowing Plaintiff to amend his Complaint, they will be stricken from the Amended Complaint. Plaintiff may proceed only with the claim of deliberate indifference to Plaintiff's medical needs in violation of his rights provided by the Eighth Amendment. Accordingly, the following Order is entered:

**ORDER**

AND NOW, this 13th day of March, 2017, upon consideration of Dr. Jin's Motion to Dismiss and Plaintiff's response thereto, IT IS HEREBY ORDERED that the Motion, ECF No. 40, is DENIED. IT IS FURTHER ODERED that paragraph 26 of the Amended Complaint is stricken.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     Richard Heary
        EE1131
        SCI Greene
        175 Progress Dr.
        Waynesburg, PA 15370

        All counsel of record via CM/ECF